Jackson, J.
[After stating the facts agreed.] The single question in this case is, whether the demandants can maintain their action upon the title set forth in the case agreed.
By the statute of 1783, c. 57, the debtor’s right of redeeming a *339 mortgaged estate may be taken on execution, and set off to the creditor, like other real estate. The debtor was considered as owning the land subject to the lien ; and it was given to his creditor, subject still to the same lien, and subject also to the right of the debtor to redeem, as against the judgment creditor, by paying him the debt for which it was thus set off.
By the statute of 1798, c. 77, the officer is authorized, instead of assigning to the creditor the right of redemption, to sell it at public auction, and apply the proceeds of the sale to the discharge of the execution ; and in this case the * debtor is [*389] allowed to redeem, as against the purchaser, at any time within three years.
In each of these modes of levying the execution, the whole estate of the debtor is taken from him. A mortgagor is considered as the owner of the land, as to all the world except the mortgagee. But a debtor, after such a levy, has not, strictly speaking, any interest or estate in the land ; he is not a freeholder ; he has only a possibility, or right to an estate, on payment of a certain sum of money. The law presumes that he has received the full value of his estate ; in one case, according to the appraisement of disinterested men under oath, and in the other, by a fair and public sale at auction ; and the right of redemption, which is still reserved to him, is not so much a valuable interest, as it is a personal privilege to keep his own land, if he does not wish to part with it at its full value. He is under no obligation to redeem. There is no reciprocity between him and the creditor, as there is between mortgagor and mortgagee. The creditor has no right to demand the money ; but is merely bound to convey the land on receiving payment within the time prescribed.
It was competent to the legislature to subject this right of redemption, after a sale on execution, to be taken on another execution. But they have not thought proper to do this ; probably because, for the reason before given, it was not presumed to have any value. In both statutes, it is the right to redeem real estate mortgaged, that is made subject to attachment and execution ; because a mortgage is more frequently given for less than the value of the land, and the right of redemption is, therefore, a real and valuable interest, as well as an estate in the land.
If it be said, that, after such a sale on execution, the debtor still owns, in fact, his former right of redemption, but subject to a new lien to the purchaser, it may be answered, that this is not the language of the statutes. His whole estate is taken from him, and the right, which he retains, is like a right of preemption, as if the purchaser had covenanted to sell and convey the land to him for an agreed * price, on receiving payment within a cer- [* 390] tain time. And even if this right should be in some cases *340 valuable, in consequence of a mistake on the part of the appraisers, or of an unfortunate sale at auction, or a subsequent rise in the value of the land, still it is very different from the right of redemption arising from the reciprocal obligations of mortgagor and mortgagee, which alone is contemplated in the statutes.
On this construction of the statutes, there is no inconvenience nor injustice to creditors. The whole estate of the debtor is sold on the first execution ; and, if the proceeds are more than sufficient to satisfy the execution, the surplus is returned to the debtor, or retained by the officer and applied to any subsequent executions or attachments, according to their priority.
If any doubt could have existed on this subject, it is removed by the statute of 1804, c. 83, § 6, which makes this express provision, and puts the sale of personal estate, and of an equity of redemption of real estate, on the same footing in this respect.
After the sale on the first execution, the debtor might have redeemed the estate so sold ; in which case, his former right of redeeming the estate mortgaged would have revested in him, and might have been taken and sold again on another execution. But, under the circumstances of this case, Beers, the debtor, had nothing m the premises, which could have been taken and sold by virtue of the last execution. Of course, nothing passed by the deed made under that last levy; and the demandants have no title to maintain the present action.†

Demandants nonsuit.

 Vide Bigelow vs. Wilson, 1 Pick. 485. — Clark vs. Austin, 2 Pick. 528. — Bacon vs. Leonard, 4 Pick. 277. — Reed vs. Bigelow, 5 Pick. 281.
[See contra, Rev Stat. c. 73, § 48. — Also Norton vs. Babcock, 2 Metc. Rep. 510 — Ed.]