## Samuel Flftcher, Junior, *versus* Peter R. L. Stone.

Two or more rights in equity of redeeming several parcels of land from several ￢ort gages, when sold on one execution, ought to be sold separately and not for a gross sum; for the debtor has a right to redeem one equity sold, without redeeming the others; but a joint sale cannot be avoided by a stranger.

This was a writ of *entry sur disseisin*, in which the demandant declared on his own seisin within twenty years and a disseisin by the tenant. A trial was had upon the general issue.

The demandant proved, that on the 25th of February 1823, one Abbot attached the right in equity of Phineas Wright to redeem the land from his mortgage to M. Ditson; that Abbot recovered judgment on the 16th of March 1824; that the equity was taken on his execution on the 12th of April, and sold and a deed of it given to the demandant on the 17th of May, and that on the 22nd the demandant actually entered.

The tenant claimed by virtue of a sale upon a prior attach ment and levy in an action brought by him against Wright. The objection to his title was, that the officer put up to auction at the same time the right to redeem the land in question, and also the right to redeem another parcel from another mortgage, and that the tenant purchased both equities for a gross sum, without distinguishing the value of each.

On the part of the tenant it was contended that the objection was of no validity, and further, that all parties interested consented to that mode of sale. To prove the latter, various evidence, unnecessary to be detailed, was introduced, part of which was, that the tenant and Calvin Fletcher, who by a deed of May 9, 1823, was the assignee of the mortgager, subject to the attachments before mentioned, had agreed that the two equities should be thus sold together.

A verdict was taken for the demandant subject to the opinion of the Court.

The case was argued for the demandant by *Abbot* and *Hoar*; and for the tenant by *S. D. Ward*, who cited *Barnard* v. *Fisher*, 7 Mass. R 74

WILDE J. delivered the opinion of the Court. The tenant's title, if not defective, must prevail, his being the elder title, and both parties claiming by different sales from the same person.

The tenant holds under a sheriff's sale, at wnich the right of redeeming the demanded premises from the incumbrance of a mortgage, and the right of redeeming another tract from another mortgage, were struck off and sold at a gross sum, and without distinguishing the price of each.

This sale the demandant's counsel contend was irregular and void.

The language of the statute regulating the sales of equities on execution is general, and as to the point in question very indefinite. There is no clause expressly authorizing or prohibiting the joint sale of two or more equities ; so that the question is not whether the sale is void, being expressly declared to be so by the statute, or being prohibited in this form ; or because the statute requires it to be made in some other form ; but rather, whether it is not void or voidable, by the principles of the common law, as ° being an infringement of the rights of the debtor, or of others interested in the estate.

By the 3d section of *St.* 1798, *c.* 77, [Revised Stat. *c.* 73, § 37, 38, 39, 42,] it is provided, that all rights in equity of redeeming real estate mortgaged, shall be liable to be attached on mesne process, and taken in execution upon judgment for the payment of the just debts of the mortgager ; and the officer having such execution is authorized to make sale of the same at public vendue, and to make, execute, acknowledge and deliver to the highest bidder good and sufficient deed or deeds of any estate so sold. The 4th section requires notice to be given of the time and place of sale ; and that the surplus moneys (if any there shall be) arising from such sale, beyond satisfying the debt, costs and necessary intervening charges, shall be returned to the debtor. The 5th section provides, that the debtor shall have liberty to redeem the right in equity so sold, by paying the sum which may by such sale have been satisfied on such execution, with interest.

252

The demandant's counsel rely upon this last mentioned section as conclusive against the validity of the sale in question. They contend that when two or more equities are sold on execution, the debtor has a right to redeem any one of them, without redeeming the others ; and that a joint sale is inconsistent with the exercise of this right.

On the other hand, the tenant's counsel contend, that whether the sale in such case be joint or separate, the debtor has no right to redeem. any one equity without redeeming the whole ; and even if he had such right, it would not be infringed by a joint sale, as there might be a just apportionment made of the relative value of each right in equity, should the debtor elect to redeem only one of the equities.

On this point we are of opinion that the debtor has a right, by a fair construction of the statute, to redeem one equity, without redeeming the others, when several equities are sold on the same execution. This construction best agrees with the language of the statute, and generally the right of redemption is to be favorably considered. We think also that this right must be necessarily impaired, if not destroyed, should a joint sale be allowed to be valid as against the debtor. The principle of apportioning the relative value of property, which depends on opinion and is not founded on the basis of certainty, ought not to be resorted to except in cases of necessity.[1]

But admitting that without the consent of the debtor, or his assignee, the sale under consideration would have been void as to them, it does not follow that it is void as to strangers. The question then is, whether such a sale is to be considered void, or only voidable.

The books do not distinguish very accurately between void and voidable acts ; but some rules and distinctions may be collected from adjudged cases, which appear applicable to the question.[2]

---

[1] But where an execution has been extended upon two or more parcels of land, the debtor is not entitled to redeem one of them alone, without the others, even though its value be separately stated in the certificate of the ap praisers. *Foss* v. *Stickney,* 5 Greenl. 390; *Bond* v. *Bond,* 2 Pick. 382.

[2] See *Arnold* v. *Fuller,* 1 Ohio R. 458; *Barr* v. *Hatch,* 3 Ohio R 530

Acts which affect injuriously the public interest are generally void ; and those which affect only private rights are voidable. *Boynton* v. *Hubbard,* 7 Mass. R. 112.

Thus acts which are *mala in se* are generally absolutely void ; and no right or claim can be derived from any such acts. For it is the wise policy of the law to discourage, as far as possible, all acts which are prejudicial to public morals. 7 Bac. Abr. *Void and Voidable,* B.

But acts which are only *mala prohibita* are either void or voidable, according to the nature and effects of the act prohibited.[1] If it concerns the public good, it is generally to be considered void ; but if it is prohibited for the purpose of securing the private rights of the parties interested, it is only voidable. Where the public interest is not concerned, it is sufficient to allow the party who may be prejudiced by an unlawful sale or contract, to avoid it. It is on this ground that a mortgage or assurance given on a usurious consideration, has been held only voidable, notwithstanding the strong words of the statute. *Green* v. *Kemp,* 13 Mass. R. 515. And this decision is not inconsistent with those cases in which it has been ruled, that a negotiable note or bill of exchange upon a usurious consideration, is void in the hands of an indorsee for a valuable consideration, and without notice of the usury. For these cases only show that such note or bill may be avoided even in the hands of an innocent indorsee ; and not that tne contract is merely void.

So fraudulent conveyances made to defraud creditors are not void, but voidable ; not because of the peculiar language of the statute, for the same distinction is made in cases where

---

*Hart* v. *Johnson,* 6 Ohio R. 90; *Douglass* v. *Scott,* 5 Ohio R. 200; *Coleen* v. *Figgins,* 1 Breese, 3; *Cornelius* v. *Cohen,* 1 Breese, 92. See the reasoning upon the distinction between the void and voidable acts of infants, in Bingham on Infancy, *ch.* 2 *et seq.; Zouch* v. *Parsons,* 3 Burr. 1794; 2 Kent's Comm. (2d ed.) 235 *et seq.*

[1] See *Wheeler* v. *Russell,* 17 Mass. R. 258, 263. Any distinction between acts *mala in se,* and those *mala prohibita,* seems to be strongly reprobated by *Rooke* J., in *Aubert* v. *Maze,* 2 Bos. & Pul. 375, where he says, that a moral man is as much bound to obey the civil law of the land, as the law of nature. See also Chitty on Contracts, (3d Amer. ed.) 231; *Bensley* v. *Bignold,* 5 Barn. & Ald. 341.

Fletcher
v.
Stone.

the conveyance is fraudulent, as against creditors or others, by the principles of the common law.[2]

In the case of *Smith* v. *Warren*, 1 Rol. Rep. 158, it was held, that though the statute of *Westm*. 2, (13 *Ed*. 1,) *c*. 1, says, *finis ipso jure sit nullus*, yet it is not void as against the party, or his issue, or him in reversion ; but the issue and he in reversion have remedy to avoid it. So where the statute of additions enacts, that if any be outlawed without addition, the outlawry shall be clearly void and of no effect, yet it shall not be void without writ of error. Ibid. 159 ; 7 Bac. Abr. *Void and Voidable, C*.

So also an execution against one holding lands in joint tenancy or tenancy in common, cannot be extended on a part of the lands so holden, by metes and bounds, to the prejudice of the other cotenants ; yet such an extent is only voidable by the cotenants. *Varnum* v. *Abbot et al.* 12 Mass. R. 476.

This last cited case was determined after much deliberation, and is supported by the soundest principles. It has a very close analogy to the case under consideration, and seems conclusive as to the question now raised.

Considering then the sale to the tenant as only voidable, the remaining question is, whether the demandant has shown any right to avoid it. And we think it very clear that he has not. He had no right to redeem the equity. This right had not been attached, nor was it by law liable to attachment, or to be sold on execution, as was determined in the case of *Kelly et ux.* v. *Beers*, 12 Mass. R. 387. The right to redeem the equity remained in the debtor until he assigned it to Calvin Fletcher, at whose request the two equities were jointly sold. The demandant therefore cannot be prejudiced by the mode of sale, unless he can show that the amount of the sale was thereby reduced, and that if the equities had been sold separately there would probably have been a surplus of money

---

[2] *Burjett* v. *Burjett*, 1 Ohio R. 48; *Barr* v. *Hatch*, 3 Ohio R. 530; *Findley* v. *Cooley*, 1 Blackford, 263; *Somes* v. *Brewer*, 2 Pick. 194 *et seq.*; *Harris* v. *Sumner*, 2 Pick. 129; Fonbl. on Eq. (Laussat's ed.) 217 to 225, and notes See *Mackie* v. *Cairns*, 1 Hopkins, 405; *S. C.* 5 Cowen, 547; *Hildreth* v. *Sands* 2 Johns. Ch. R. 42.

after satisfying the tenant's execution.    But this question was
not made at the trial, nor does the evidence reported war-
rant the belief that it could have been with any hope of suc-
cess.[1]

The verdict is to be set aside and a verdict entered for the
tenant.

Fletcher
v.
Stone.

[1] See 1 Powell on Mortg. (Rand's ed.) 254 *a,* note 1.