Wilde J.
delivered the opinion of the Court. The tenants’ counsel contend, that by virtue of the conveyance from Jeffries to Barker the mortgager, the mortgage was by law extinguished. Such undoubtedly would have been the legal operation of the conveyance, if Barker had at the time been seised of the equity; but if he had parted with his right "n equity, the conveyance operated as an assignment of the mortgage.[1]
The only question, therefore, to be considered is, whether the sale of the equity by the sheriff is equivalent to an absolute sale by the mortgager; and so far as relates to the point m question, we are of opinion that it is. The sale by the sheriff conveyed all the mortgager’s estate in the premises. He had, it is true, a right to redeem from the purchaser, but he could not be compelled to redeem by his creditors ; nor was his right attachable, as was decided in the case of Kelly et ux. v. Beers, 12 Mass. R. 387.[2] All the right the mortgager had, after the sale of the equity, was the mere right of preemption ; and this right was not inconsistent with his holding as assignee of the mortgage. As the tenants have acquired the estate of the mortgager, they cannot object to his purchasing the estate of the mortgagee. Their rights can by no possibility be impaired by it. They still have the right to redeem, unless it has been lost by their own loches.
For these reasons we are of opinion that, upon the facts agreed, the demandants are entitled to judgment.

Tenants defaulted.

 See Gibson v. Crehore, 3 Pick. (2d ed.) 482, n. 1.

 But see Reed v. Bigelow, 5 Pick. 281; Bigelow v. Willson, 1 Pick. 485 Clark v. Austin, 2 Pick 528.