## NATHANIEL GIBSON *vs.* HORATIO SEYMOUR AND LUKE HALE.

ADDISON, *January*, 1831.

The giving of an absolute deed, without taking back a writing of defeasance, when the deed is intended only as security to the grantee, is, when the grantor is in debt, evidence of fraud, and should be so considered unless it satisfactorily appears that there was some valid reason for transacting the business in that way.

In an action of ejectment by one who claims under a deed alleged to be fraudulent for want of consideration, the defendant will be allowed to prove that the plaintiff has subsequently received from the grantor other deeds of other lands without paying any consideration therefor. Such facts show the amount the plaintiff has received from said grantor, which may be presumed, *prima facie*, to be in payment of his claims against the grantor.

The plaintiff in an action of ejectment, will not be prejudiced by having executed to a third person a mortgage deed of the premises, since the commencement of the action, though such deed is *in terms* an absolute conveyance.

This was an action of *ejectment* for seventeen acres of land in Salisbury, part of a tract of forty-one acres. The parties both claimed title from Jacob Bartholomew, the plaintiff under a deed from said Bartholomew, dated August 7, 1820, conveying the said forty-one acres and also another lot and house in Salisbury. The defendant, *Seymour*, claimed title to the premises by virtue of the levy of an execution against said Bartholomew made in June, 1823. The defendant, *Hale*, had gone into posession under *Seymour*.

At the trial in the county court, the defendants, in order to show that the deed from Bartholomew to the plaintiff was fraudulent, as respected the creditors of Bartholomew, introduced evidence to prove that, at the date of said deed, to wit, August 7, 1820, he, *Seymour*, was a creditor of Bartholomew ; that the deed was

ADDISON,
January,
1831.

Gibson
vs.
Seymour et al.

an absolute deed, and nothing was paid by the plaintiff at the time of taking the conveyance, nor any claim against Bartholomew discharged : that Bartholomew remained in possession of the premises ; that it was understood between him and the plaintiff, that the plaintiff should make to Bartholomew future advances ; and that the latter was much embarrassed with debts.

The plaintiff then introduced evidence tending to prove, that the deed from Bartholomew to him was executed as security for becoming bail for Bartholomew in a jail bond, predicated on an execution in favor of one Hall for nearly two hundred dollars, which the plaintiff was afterwards compelled to pay ; that the property conveyed by Bartholomew to plaintiff was, at the date of said deed, incumbered by several mortgages to nearly, if not quite, the value of the property—one of which, after a decree of foreclosure thereon, the plaintiff paid on the 22d January, 1823, amounting to $354,34.

The defendants then introduced evidence tending to show, that Bartholomew paid the other mortgages on said property, and that he paid the largest mortgage soon after the date of plaintiff's deed, viz. on 30th August, 1820. The defendants also offered in evidence two other deeds of a date subsequent to the 7th August, 1820—one of them dated February, 1821, the other October, 1821—from Bartholomew to the plaintiff, of other property in Salisbury, accompanied by proof that both said deeds were given without consideration. This was objected to by the plaintiff and admitted by the court. The defendants further offered in evidence a deed from plaintiff to Asahel Parsons and Ira Allen of the premises in question, dated the 14th September, 1829, acknowledged and recorded, to show the title out of the plaintiff. This was objected to by plaintiff and admitted by the court.

The plaintiff then offered in evidence a writing executed by said Parsons and Allen of same date with their deed, by which they agreed to reconvey to plaintiff, the said premises on certain conditions, and contended that this writing made the deed to Allen and Parsons a mortgage—and that the right of possession of said premises remained in the plaintiff notwithstanding said deed. No evidence was offered to show a performance of the conditions in said writing from Parsons and Allen to *Gibson*. The plaintiff further insisted that the deed from *Gibson* to Parsons and Allen was void under the statute of 1807, by reason of the adverse possession of the premises by the defendants at the date of said deed. No evidence of the defendants being in actual possession

ADDISON,
January,
1831.

Gibson,
vs.
Seymour et al.

of the premises at the date of said deed, other than the admission of the defendants of possession, as laid in the declaration, was offered by the plaintiff. The plaintiff then offered in evidence a mortgage deed from Bartholomew, of forty-four acres of land in Salisbury, to the defendant, *H. Seymour*, dated 30th January, 1822, to secure sundry demands, and among them the judgement on which the execution issued that was levied on the premises for which this suit was brought, and a conveyance of the same by *Seymour* to one A. B. Martin ; and the defendants offered, in connexion with the above testimony, a mortgage back from said Martin to *Seymour*, securing to *Seymour* the sum of eighty dollars, which was given for said land, and afterwards paid to *Seymour ;* which was objected to by defendants and rejected by the court.

The court charged the jury, that the giving an absolute deed in lieu of a mortgage, when the same was intended as as ecurity, was not in itself fraudulent, but was evidence of fraud as against creditors of the grantor, to be weighed by the jury in connexion with the other facts. The court further charged, that if the jury should be satisfied that there was an adverse possession of the premises at the date of the deed from plaintiff to Parsons and Allen, the said deed in that case would be void, and would not affect the plaintiff's right to recover : but the court omitted to charge the jury, that the said conveyance being a mortgage, and no evidence given of the breach of the condition of said mortgage, except what appeared from the writing itself, the same could not be a bar to the action.

Verdict for the defendants. The plaintiff filed a bill of exceptions stating the foregoing facts, whereupon the cause was removed to this Court.

After argument,

·WILLIAMS, J. *delivered the opinion of the Court.*—We are satisfied that the decision made by the county court in this case was correct, except on one point. The parties both claim title under Jacob Bartholomew. The plaintiff has the elder title, and the jury must either have found that title fraudulent, or that he had parted with it at the time of trial. The deed to Parsons and Allen was introduced to show that fact. The court omitted to charge the jury as to the effect of that evidence, and the verdict of the jury may have been founded thereon.

The direction to the jury, as to the effect of an absolute deed

ADDISON,
January,
1831.

Gibson
vs.
Seymour et al.

intended as a security for a debt or liability, was correct. Whenever a person intends to secure another by a lien on real estate, he should do it by a deed of mortgage. The condition should be expressed in the deed, or in a separate deed of defeasance. The giving an absolute deed, without taking back a deed or writing of defeasance, when it is understood between the parties that the deed should be defeated on the performance of a condition, is, when the grantor is in debt, evidence of a fraudulent intent between them and should so be considered, unless it satisfactorily appears that there was some valid and honest reason for transacting the business in that way.

The deeds executed by Bartholomew to plaintiff in February and October, 1821, were admissible in evidence. They tended to show the amount received by *Gibson* of Bartholomew, which might be presumed to be in satisfaction of his claim against him, unless the contrary was shown.

The mortgage deed from Bartholomew to *Seymour*, which was offered in evidence, was wholly irrelevant, as it only proved that *Mr. Seymour* had obtained a mortgage security for his demand against Bartholomew, and this was no satisfaction of his debt.

The remaining point, is the omission of the court to charge the jury as to the effect of the deed to Parsons and Allen, executed since the commencement of this action, and the defeasance. The jury may have found their verdict on this evidence, and we think it ought not to have affected the title of the plaintiff.

It has been generally considered in this state that the plaintiff must have a title at the time of trial. He recovers damages to that time. In England the judgement in the action of ejectment is conclusive evidence in an action of trespass for mesne profits, and entitles the plaintiff to recover therefor to the time the verdict was rendered. If the demise laid in the declaration has expired at the time of trial, the plaintiff cannot recover. Hence if he conveys away his title so as to be divested of any interest in the land at the time of trial, he must fail to recover. Many actions of ejectment have been defeated in this way in this state.

It is true, *Adams*, in his treatise on ejectment, advances a different idea ; but the case to which he adverts in support of his position, (*Grundy* vs. *Clark*, 14 *East*, 488,) does not sustain him.

But in this case the title set up to defeat the plaintiff was a mortgage from him to Parsons and Allen, inasmuch as the defeasance executed by them of the same date with the deed, shows that they were mortgagees with power to sell. It is clear from

principle, as well as from the authorities, that the mortgagor is entitled to the possession against every one, except the mortgagee. Before foreclosure, he is considered as the owner of the land, and as seized of the same, and may maintain an action against any stranger who disseizes him. The mortgagee has only a chattel interest in the land. For the purpose of availing himself of his interest, he may maintain ejectment to get into possession; but still the mortgagor is considered as the owner, and having all the rights of a freeholder. It is unnecessary to go into an elaborate argument to establish this position. It is sufficient to say that it is abundantly established by the following authorities.— *Wellington* vs. *Gale*, 7 *Mass.* 138; *Porter* vs. *Millet*, 9 *Mass.* 101; *Kelly et ux.* vs. *Beers*, 12 *Mass.* 387; *Collins* vs. *Torrey*, 7 *Johns.* 278; *Sedgewick* vs. *Hollenbeck*, *do.* 376; *Runyan* vs. *Mersereau, jun.* 11 *Johns.* 532. In the latter case the mortgagor was allowed to maintain trespass against those claiming under the mortgagee. The respective interest of the mortgagor and mortgagee is most fully and ably considered by Chief Justice *Hosmer*, in *Clark* vs. *Beach*, 6 *Conn. R.* 152, and renders it wholly unnecessary to say any thing further upon that subject, than merely to refer to the very able and elaborate opinion of *Justice Hosmer*, in that case.

Our conclusion from the whole is, that the deed from the plaintiff to Parsons and Allen, in connexion with the bond executed by them to the plaintiff of the same date, ought not to have prejudiced the plaintiff in this action; and, inasmuch as the jury were not so directed, a new trial must be granted.

The judgement of the county court is, therefore, reversed, and a new trial granted.

*Starr & Phelps*, for the plaintiff.

*O. Seymour*, for defendants.

www

*Margin note:* ADDISON, January, 1831. Gibson vs. Seymour et al.