## ANSON HOOKER et al. versus THOMAS HUDSON.

By Revised Stat. *c*. 73, § 44, 46, in case the purchaser at a sale on execution, of an equity of redemption of mortgaged real estate, shall refuse to release the same upon a tender, by the debtor or his assignee, of the sum due to him therefor, the debtor or his assignee may maintain a writ of entry for recovering such equity of redemption.

THIS was a writ of entry, in which the demandants declared upon their own seisin, and a disseisin by the tenant.

The parties agreed upon the following facts. The writ is dated the 20th of February, 1837. Before and on the 12th of November, 1836, one Wilson owned the demanded premises, subject to three mortgages, given by him prior to that day. On that day L. Parker, a deputy sheriff, sold by auction to the tenant, for $215, on divers executions, Wilson's right in equity of redeeming the premises, and on the same day gave to the tenant a deed thereof, in common form. On the 2d of December, 1836, Wilson conveyed to the demandants, by deed of warranty, all his estate, right and interest in the premises. Both of these deeds were duly executed, acknowledged and recorded. On the 7th of the same December the demandants, in order to redeem such right in equity, tendered to the tenant $217, and presented to him for execution a deed of release in common form, and requested him to execute it and thereby release to the demandants the right in

equity. The tenant refused, on the ground that the deed ten-
dered did not release the premises to Wilson. He offered to
convey to Wilson for the sum tendered, but refused to convey
to the demandants.

*Buttrick*, for the demandants, cited Revised Stat. *c.* 73,
§ 24, 26, 37, 42, 44, 46, 48.

*Choate*, for the tenant, contended that the interest of Wil-
son was not assignable *at law*, and his assignees could not main-
tain a writ of entry in their own names. *Kelly* v. *Beers*, 12
Mass. R. 387 ; 2 Story on Equity, 304 ; *Bigelow* v. *Willson*,
1 Pick. 485.

DEWEY J. afterward delivered the opinion of the Court.
It is objected on the part of the tenant, that by the principles
of law this action cannot be maintained. The case of *Kelly*
v. *Beers*, 12 Mass. R. 387, is relied upon ; in which it was
held, that after a sale, by virtue of an execution, of an equity
of redemption, there remains nothing in the judgment debtor
on which another execution can be levied, the right of redeem-
ing from such first sale being a mere personal privilege of the
debtor, and not available to his creditors by process of attach-
ment.

It is very obvious that the principle settled in *Kelly* v. *Beers*,
is not entirely applicable to the present case, as the demandants
claim through a conveyance from the debtor, and not under a
sale by an officer. That the difference is a material one is
quite apparent from the decisions of this Court. In *Bigelow*
v. *Willson*, 1 Pick. 485, it was held, that a second mortgage
having been made after the attachment of the right in equity of
redemption, but before seizure on execution, the second mort-
gagee may redeem the right in equity sold ; thus making a dis-
tinction between one claiming to be an assignee under a con-
veyance directly from the debtor, and one claiming as a pur-
chaser under a sale on execution.

The subject however has been more fully considered, and the
present question as to the right to redeem more directly settled,
in the two subsequent cases of *Clark* v. *Austin*, 2 Pick. 528,
and *Reed* v. *Bigelow*, 5 Pick. 281 ; in which it was held, if
after the equity of redemption has been sold on an execution,
the debtor makes a second mortgage of the same premises, the

right of redeeming such second mortgage may be taken and sold on execution.

These cases fully establish the right of the demandants to redeem the premises from the sale of the first equity.

But the question still arises as to the form of action in which this right is to be enforced, in case of the tender of the money due to the purchaser of the equity sold on the execution, and a refusal by him to surrender the premises to him in whom is vested the right to recover. No legitimate provision seems to have been made on this subject prior to the Revised Statutes ; the *St.* 1783, *c.* 57, authorizing a writ of entry if a creditor should refuse to surrender real estate set off to him, upon payment by the debtor, within one year, of the amount due, being apparently limited to cases of land set off on appraisement.

In the absence of any statute provision, it seems to have been held that a bill in equity was the only mode of proceeding in such cases. Such was the doctrine of the Court in the case of *Bigelow* v. *Willson.* Independent of the Revised Statutes the demandants would have found it difficult, we apprehend, to sustain a writ of entry to enforce their claim. But under these statutes the power is very clearly given, to proceed in this form. By Revised Stat. *c.* 73, § 26, it is enacted, in case of land set off on appraisal, if the debtor tenders the sum justly due, and the creditor shall not release, a writ of entry may be brought. Section 44 provides a similar remedy for a debtor in case of sale of his equity of redemption at auction ; and in § 46 it is provided, that every thing may be done by heirs and assigns, or by any person lawfully claiming under them, in like manner and with like effect as if done by the debtor himself.

That the debtor in the execution might have enforced his right to redeem, under the present form of action, if the right had remained in him, is very obvious, and one claiming under him as assignee clearly has the same right.

*Judgment for the demandants.*