Parsons, C. J.
The mortgagor, after his mortgage, still continues the owner of the land, and seised of it against all persons but the mortgagee, or those who claim under him ; and he has therefore a right to convey the estate mortgaged, defeasible only by the mortgagee, or some person having his right; and if he conveys, thus having a right to convey, by deed executed, acknowledged, and registered, the purchaser shall be deemed actually seised, without entry or livery of seisin.
The statute of 1798, c. 77, which makes rights in equity, of redeeming real estate mortgaged, liable to be seized and sold on execution, provides that the sheriff’s deed shall convey the debtor’s right in equity to the purchaser, his heirs and assigns, in the same manner as the debtor had executed the deed.
*118 The purchaser thus having a legal right to the equity of redemption, has also a legal seisin of the land, when neither the mortgagee nor his assigns have entered, subject, however, to their claim; and may maintain a real action against any stranger, unless such stranger had, in fact, disseised the mortgagor before the sale of the equity, But the tenant in this case does not claim as a disseisor of the mortgagor ; against him, therefore, an actual entry, in our opinion, was not necessary; and in this opinion the judge, who tried the cause, upon further consideration concurs. The verdict must be set aside, and a new trial granted, (a)

 [Tuttle vs. Brown, 14 Pick. 514. — Ed.]