Parker, J.
Several objections have been taken to the verdict which was returned for the demandant.
It was insisted, in the first place, that by the transactions reported by the judge, the demandant did not acquire a legal seisin of the *98 land, so that he can maintain an action for the possession; but only a right in equity, to be enforced- by bill.
But this point was settled on full consideration in the case of Willington vs. Gale. (1) In that case, it was determined that a sheriff’s sale of an equity, and his deed pursuant thereto, gave the purchaser a seisin of the land against any stranger who might be in possession; a fortiori it gives a right of action for the land itself against the mortgagee himself; it being expressly provided by the statute (2) that such proceedings shall transfer to the purchaser all the right which the mortgagor had in the land, (a)
It was also contended for the tenant, that the assignment of the bond to Israel Millet, the assignee of the mortgage deed, extin guished the equity of redemption, so that Israel Millet, before the seizure in execution, became the absolute and indefeasible owner of the land.
But we are not of this opinion. Thomas Millet, having a good subsisting interest in the land, viz., a right to redeem it by discharging the encumbrance, could not part with it voluntarily, except by the ordinary forms of conveyance. The bond was a chose in action, not assignable, and cannot be converted into a conveyanee or release of *the equity. Besides, Israel Millet was not in possession of the land; and therefore a mere release could not operate. But in addition to this objection, the assignment of this bond was not registered, and the possession remained in Thomas Millet, the mortgagor. This attempt to convey the equity would, by the principles of our statutes respecting the transfer of real estate, be void against creditors, (b)
The opinion of the Court upon the whole matter is, that the verdict is right, and that judgment must be entered thereon for the demandant.

 7 Mass. Rep. 138.

 Stat. 1783, c. 57, § 4.

 [This is only an equitable right; and by the English common law, no action of ejectment in such case could be maintained. — 1 Cov. Pow. Mort. 261. — Ed.]

 [Why was a release necessary ? If the legal estate was already in Israel Millet, and if the bond of defeasance was assigned or even delivered to him bona fide, for an adequate consideration, with the intention to perfect a title in him, which is taken for granted by the Court, were not all the legal and equitable rights and remedies of the tenant thereby extinguished ? In Harrison & Al. vs. The Trustees of Phillips Academy, (12 Mass. Rep. 456,) Parker, C. J., in giving the opinion of the Court, said, they could see no reason, if the mortgage was by absolute deed and defeasance, why the mortgagor might not surrender his bond, and thus give an unconditional estate to the moitgagee. Could it make any difference that the bond was assigned or delivered to the assignee of the deed ? From the facts as reported, indeed, it seems that the bond was assigned before, and the conveyance to Israel Millet by Reed was after the seizure by virtue of the execution, though this is not particularly noticed by the Court, who speak of Israel Millet as being the assignee of the mortgage, as they call it, as well aa of the bond before the seizure. But if the bond only were then assigned, Thomas Millet had thereby parted with all equitable claims to the estate, and he had, long *99 before, parted with all his legal interest therein by the absolute deed to Johnson, The Court say Israel Millet was not in possession, and lay stress upon that assumption. But if that could be material, was not the possession of Thomas Millet, the possession of the mortgagee, so called, or of his assignee ? Above all, why was it necessary that a record should have been made of the assignment of the bond, which does not appear to have been recorded, in order to pass the equitable interest of the tenant to Israel Millet, even against creditors ? — Ed.]