Parker C. J.
delivered the opinion of the Court. The question in this case, which has principally attracted our attention, is, whether the sale and deed of the sheriff, under which the demandant claims, conveyed such a seisin of the premises as will sustain the action without a previous entry.
The demandant declares upon his own seisin, and must prove it. If the mortgager was seised at the time of the seizure on execution, then the sheriff’s deed would have conveyed his seisin to the purchaser, for the statute gives the same effect to the sheriff’s deed as the mortgager’s would have, had he himself conveyed the right of redemption or the land subject to the mortgage ; but if the mortgager was not seised at the time of the sale, then the sheriff’s deed could not convey a seisin, but only a right of entry, which must be executed, before a writ of entry could be maintained in which the demandant should declare on his own seisin.[1] Perhaps a special declaration founded upon the disseisin done to the mortgager would be good, for as the mortgager himself could have sustained a writ of entry, and the deed of the sheriff in effect conveys all his right to the purchaser, and he had a right of action without entry, by force of the statute and the sale the purchaser may have succeeded to this right. But in such case the seisin of the mortgager, and not of the purchaser, should be set out.
*177 I do not know how this escaped me at the trial, for it certainly is a very clear point; and the demandant having declared on his own seisin, on evidence of an actual disseisin of the mortgager continuing to the time of the sale, the action was gone.
The point, though presented at the trial, had another aspect to my mind, for I thought the tenant’s counsel relied upon it to show that nothing passed by the deed of the sheriff, because there was an adverse possession at the time. I thought then, and now think, that the deed was not void on that account ; for if it be, it would follow that creditors have no means of talcing rights of redemption for satisfaction of their debts, whenever the mortgager may have been disseised. The entry of the sheriff could not purge the disseisin, for his entry is not necessary to a sale, and he need not be on the premises for the purpose. The judgment creditor could not enter, for he has no right in the land until after the levy, and the purchas er has no interest until after the sale. The mortgager could not be expected to enter for the purpose of having the land taken from him by execution. The sale and deed of the sheriff therefore, under such circumstances, must pass the right, and if there is no disseisin, it passes a seisin in fact as well as law ; if there is a disseisin, it passes a seisin in law which gives a right of entry, and after the entry an action of entry sur disseisin.
It was formerly questioned whether the sheriff’s deed of an equity passed such a legal estate in the land as would enable the purchaser to maintain trespass or writ of entry, even where the mortgager was not disseised. But that doubt was removed by the decision in the case of Wellington v. Gale, 7 Mass. R. 138. On the trial of that cause the judge at nisi prim ruled that the demandant, who was a purchaser of the equity, could not sustain his action, for want of an actual entry under the deed. This decision was overruled, and it was held that the sheriff’s deed conveyed an actual seisin when neither the mortgagee nor his heir had entered under the mortgage, and that the purchaser might maintain an action against any stranger, unless he had in fact disseised the mortgager before the sale of the equity. This qualification of the right, though not *178 affirmatively stated, is undoubtedly sound in principle, because if the mortgager is disseised, there is no seisin to convey by the sheriff’s deed. This doctrine was supposed by the demandant’s counsel to be shaken by the case of Porter v. Millet, 9 Mass. R. 101, but it is on the contrary maintained by that case ; the case of Wellington v. Gale being referred to in support of the point then before the Court, and the qualification necessary to be adverted to.
In a revision of the case of Wellington v. Gale, as reported in 13 Mass. R. 483, the doctrine in the original case is not called in question. This case also settles the point, that the sheriff’s sale is not void because the mortgager may have been disseised, though a legal seisin may not have been conveyed. In short there is no discrepancy in the cases upon the subject, and the proposition contained in a negative form in the first case of Wellington v. Gale, that any entry of the purchaser under a sale of the equity is necessary when he declares upon his own seisin, is undoubtedly good law.
It is unnecessary to decide the other points raised in the case, as this is decisive against the action in its present form. It may be as well to observe, however, that a disseisin by the tenant at the time of the sale is clearly made out by the facts, he having several buildings on the premises placed there by himself, and receiving the rents and profits therefrom.
It was said that there cannot be a disseisin without notice, and that as the mortgager and mortgagee were out of the Commonwealth, they would not be disseised ; but acts of notoriety', such as building a fence round the land or erecting buildings upon it, are notice to all the world.[1]
The tenant’s objection to the finding of the jury in regard to the possession, we think not well founded ; there is no need of a special issue on the possession, in regard to the value of the improvements. The jury did right in assigning the reason for not going into that subject.

New trial granted. 

[2]

 See Revised Stat. c. 73, $ 38; 1 Powell on Mortg. (Rand's ed.) 156, note

 See Alden v. Gilmore, 13 Maine (1 Shepley) R. 178; Stearns on Real Ac tians, 43, 44; Little v. Libby, 2 Greenl. 242; Robinson v. Swett, 3 Green] 316; Kinsell v. Daggett, 2 Fairfield, 314.

 See Poignard v. Smith, 8 Pick. 272.