Clark *v.* Wentworth.

---

## CLARK *vs.* WENTWORTH.

A wife cannot be assignee of a mortgage made by the husband; but the debt is, by such assignment, extinguished.—*Semble.*

THIS was a writ of entry on the demandant's own seisin; and was submitted to the court upon the following facts developed at the trial before the Chief Justice.

*Richard Wentworth,* late husband of the tenant, but now deceased, being seised of a parcel of land, including the demanded premises, mortgaged the same in 1812, to one *Norton* in fee. In 1815 *Norton* released and conveyed to the tenant all his right in the land as mortgagee; and at the same time the husband conveyed, by metes and bounds, about two thirds of the same tract to one *Goodwin;* his wife, by the same deed, releasing her right of dower therein. The consideration of *Norton's* release to the tenant was her release of dower to *Goodwin,* and the money paid by *Goodwin* for the land; all which was received by *Norton* in payment of the debt secured to him by the mortgage.

In 1821 the demandant, being a judgment creditor of the hus-

band, for a debt contracted prior to 1810, extended his execution on the residue of the premises released to the tenant, and not conveyed to *Goodwin*; the premises being appraised without any regard to the supposed incumbrance of the mortgage.

The release or assignment from *Norton* to the wife was made with the consent of the husband, to place the property beyond the reach of his creditors, he being insolvent.

*E. Shepley* and *Burleigh*, for the demandant, cited *Bolton v. Ballard*, 13 *Mass.* 226; *Wade v. Howard*, 6 *Pick.* 492; 2 *Com. Dig.* 200; *How v. Ward*, 4 *Greenl.* 495.

*D. Goodenow*, for the tenant, supported her title on the ground that she was in the situation of a prior creditor, having an inchoate claim of dower, which is always to be favored, and which it was the object of the parties, by the conveyance, to secure and preserve.

WESTON J. delivered the opinion of the Court.

Whether the wife can be assignee of a mortgage, made by her husband, in a manner which would secure the estate to her is very questionable. If the debt is paid before condition broken, the interest of the mortgagee, and of those claiming under him, ceases both at law and in equity. And if paid after condition broken, the mortgagee can maintain no action to obtain possession of the land. From the nature of the relation between husband and wife, he cannot be her debtor. It would seem then to result, that a demand against him assigned to her, is thereby extinguished. At any rate, his rights cannot be impaired or prejudiced, by such assignment. He may relieve his estate from incumbrance, by paying the amount for which it may have been mortgaged. If the mortgage is assigned to the wife, to whom shall a tender be made, and against whom may a bill in equity be brought? It is unnecessary however to consider the legal effect of an assignment to the wife, as the deed to the tenant is very clearly fraudulent and void, as against the demandant, a prior creditor; being made to defeat creditors, with the knowledge and consent of all the parties thereto.

But although, the tenant has no title to the land, the demandant

must prove the seisin, upon which he has counted. It does not appear that the mortgagee ever entered for condition broken. As against all other persons, *Wentworth*, the mortgagor, and those claiming under him, are the owners of the land, and have a seisin therein; which they may convey; or upon which they may maintain a writ of entry, against a stranger. *Willington v. Gale.* 7 *Mass.* 138; *Porter v. Millet,* 9 *Mass.* 101. The demandant, having recovered a judgment against *Wentworth*, the mortgagor, extended his execution on the land as his property, without regarding the incumbrance. By this extent, the seisin and title of *Wentworth* was, by operation of law, transferred to the demandant. This is sufficient to enable him to maintain the action against the tenant, who has made no valid title under the mortgagee, if the mortgage has not been extinguished. But the case finds that the mortgage has been fully paid and satisfied, by the funds of the mortgagor. We are all of opinion that the demandant is entitled to recover.

*Tenant defaulted.*