WILLIAM H. MAYO *et al. versus* HENRY FLETCHER.
The Same *versus* DANIEL SHATTUCK.

Where a mortgager of leasehold premises reserves in the mortgage a right to remain in possession until breach of the condition, and he holds over; the law will not imply an assumpsit to pay rent to the mortgagee during the time of holding over and previous to an entry by the mortgagee.

The title to the premises in such case after a tender of performance made subsequently to the breach of the condition, cannot be tried in an action of assumpsit for rent alleged to have accrued during such holding over.

Such mortgagee, having never entered, cannot maintain trespass *quare clausum fregit* against a person entering and occupying by permission of the mortgager before condition broken and holding over after a breach.

THE case of *Mayo et al.* v. *Fletcher*, was trespass for breaking and entering the plaintiffs' dwellinghouse.

In the Court of Common Pleas it appeared, that in March 1831, Daniel Blaisdell assigned to the plaintiffs all his property, in trust for the benefit of his creditors. In pursuance of the trust the plaintiffs sold by public auction to Daniel Shattuck, all their right in certain land of which they were possessed for a term of years, and in a dwellinghouse, standing on land not owned by them, and gave him a deed of assignment indorsed upon the indenture of lease. Half of the purchase money was paid by Shattuck on receiving the deed, and for the residue (275 dollars) he gave his note to the plaintiffs, payable in four months, and at the same time executed and delivered to them a deed of mortgage as collateral security for the payment of the note according to its tenor. By the terms of the mortgage

Shattuck was to possess and occupy the premises until there should be a breach of the condition. Shattuck soon after took possession, and the defendant, by permission of Shattuck and as his tenant, occupied the premises from May 1831, to the time of the trial. The note in question was not paid at its maturity, but soon afterward the amount due upon it was regularly tendered by Shattuck to one of the plaintiffs, and was refused. No formal demand of payment of the note was made. At the expiration of one month from the maturity of the note, the plaintiffs demanded a month's rent of Shattuck, and a suit against him for such rent was pending at the time of the trial. Afterwards the plaintiffs gave regular notice in writing to Fletcher to quit the premises, and after the expiration of twenty-four days from giving the notice this suit was commenced. The plaintiffs never entered into the premises or had the actual possession of the same, after they became the mortgagees thereof. Fletcher knew of the existence and the general tenor of the mortgage, before he had notice to quit, and that the note was unpaid at its maturity. He also knew of the tender and refusal above mentioned. The premises were occupied by Blaisdell until a short time before the sale to Shattuck.

In the Court of Common Pleas held by *Williams* J., it was adjudged that the action could not be maintained; whereupon the plaintiffs filed exceptions.

The case of *Mayo et al.* v. *Shattuck* was assumpsit to re cover one month's rent of the dwellinghouse above mentioned, alleged to have accrued after the breach of the condition of the mortgage. The facts before stated made a part of this case. No express promise to pay rent was pretended, but the plaintiffs relied on an implied promise or obligation. Shattuck claimed the dwellinghouse as his own property. In the Common Pleas *Williams* J. ruled that the action could not be maintained; to which decision the plaintiffs filed exceptions.

The cases were argued in writing by *W. Hilliard* ─ . *F. Hilliard* for the plaintiffs, and *Ames* for the defendants.

In the action against Shattuck it was contended on the part of the plaintiffs, 1. that payment of the note being neither made nor tendered on the 4th of September, 1831, the condition of the mortgage was then broken and the property in question

was forfeited to the plaintiffs without right of redemption. There is no right to redeem the leasehold, for it is personal estate. 4 Dane's Abr. 197 ; *Homes* v. *Crane*, 2 Pick. 607 ; *Parks* v. *Hall*, ibid. 206 ; Yelv. (Metcalf's edit.) 179 *a*, note ; 2 Bigelow's Dig. 187 ; 2 Bl. Com. 386 ; *Ex parte Gay*, 5 Mass. R. 419 ; *Montague* v. *Smith*, 13 Mass. R. 399 ; *Chapman* v. *Gray*, 15 Mass. R. 444. Whether a mortgage of a leasehold interest in land is redeemable at common law, is not material, for our statutes are intended to cover the whole ground, so far as regards a right in equity to redeem, and it is apparent that they apply exclusively to what is technically called *real estate*, and not to a chattel interest in land. *Bartlett* v. *King*, 12 Mass. R. 545 ; *Commonwealth* v. *Cooley*, 10 Pick. 39 ; *Statutes* 1783, c. 37, § 6 ; 1783, c. 32 ; 1788, c. 51 ; 1785, c. 22, § 2 ; 1798, c. 77, § 1, 2 ; 1804, c. 103 ; 1815, c. 137 ; 1818, c. 98 ; 1821, c. 85. But if a leasehold interest is redeemable, there was no right to redeem the house ; which was a personal and not a real chattel. *Wells* v. *Banister*, 4 Mass. R. 514 ; 4 Dane's Abr. 197 ; *Ashmun* v. *Williams*, 8 Pick. 402 ; *Woodruff* v. *Halsey*, ibid. 333 ; *Marcey* v. *Darling*, ibid. 283. The mortgaged premises became forfeited on non-payment of the money, without any act of the plaintiffs to take possession, for the legal property had passed, subject to be divested by an act on the part of Shattuck. Yelv., *Homes* v. *Crane*, *Parks* v. *Hall*, and 2 Bigelow's Dig. before cited. From being a mortgager or *quasi* tenant for years, not liable to rent, Shattuck became a tenant at will, and as such chargeable with a reasonable rent. There was an occupancy by Shattuck, not personally, but by his tenant Fletcher ; who cannot dispute Shattuck's title, but must pay him the rent agreed for, and therefore cannot be compelled to pay it over again to the plaintiffs. *Watertown* v. *White*, 13 Mass. R. 477.

On the part of Shattuck it was said, that the relation of landlord and tenant does not exist in this case. The parties are adverse claimants of the same property, and the real question between them is the question of title ; which cannot be tried in an action of assumpsit. 3 Stark. Ev. 1513 ; *Codman* v. *Jenkins*, 14 Mass. R. 96 ; *Hildreth* v. *Thompson*, 16 Mass. R.

191; *Allen* v. *Thayer*, 17 Mass. R. 299; *Henwood* v. *Cheese-man*, 3 Serg. & Rawle, 500; *Smith* v. *Stewart*, 6 Johns. R. 46. Nor will assumpsit lie against one man for use and occupation by another, unless such occupation was permitted by the plaintiff upon the defendant's request. *Naish* v. *Tatiock*, 2 H. Bl. 323.

The plaintiffs, being mortgagees, are not entitled to rent until actual entry, or, in the case of a chattel, actual possession. *Fitchburg Man. Co.* v. *Melven*, 15 Mass. R. 268; *Gibson* v. *Farley*, 16 Mass. R. 280; *Wilder* v. *Houghton*, 1 Pick. 87. Here there has been no actual possession by the plaintiffs under the mortgage. Shattuck was entitled to the possession by the terms of the mortgage, and his letting the premises to Fletcher was not a wrong upon the plaintiffs. *Newall* v. *Wright*, 3 Mass. R. 152.

If Shattuck is a tenant, he is tenant only upon the same terms as to rent, as before the expiration of the four months specified in the mortgage. No new contract has been made.

*In reply* it was denied that the facts in the case show either an adverse claim of title by Shattuck previously to the commencement of the suit, or that the suit was brought for the purpose of trying the title; one or the other or both of which are necessary to the application of the principle and authorities adduced on the part of Shattuck.

In opposition to the remark, that Shattuck was not liable because he did not occupy personally, the plaintiffs referred to 3 Stark. Ev. 1512, and *Bull* v. *Sibbs*, 8 T. R. 327.

In the action against Fletcher, the plaintiffs contended, first, that they had a possessory title in themselves. 1. When this action was commenced, they were absolute owners of the *locus in quo*. Or, 2. after maturity of the note the license to Shattuck to remain in possession was at an end, and the plaintiffs, as mortgagees, had an immediate right of entry. Nor was this right affected by the tender made after condition broken. *Maynard* v. *Hunt*, 5 Pick. 243.

Secondly, there was a wrongful entry or retaining of possession by the defendant. By entering without the permission of the plaintiffs as mortgagees, he became a trespasser. *Keech* v. *Hall*, 1 Doug. 21. By retaining possession after reasonable

notice to quit, Shattuck, the mortgager, would have been a tres-passer, at the mortgagees' election, and the defendant as his tenant can stand in no better situation. *Danforth* v. *Sargent;* 14 Mass. R. 491 ; *Newall* v. *Wright,* 3 Mass. R. 138 ; *Goodwin* v. *Richardson,* 11 Mass. R. 469 ; *Erskine* v. *Townsend,* 2 Mass. R. 493 ; *Taylor* v. *Weld,* 5 Mass. R. 120.

On the part of Fletcher it was urged, that under the express agreement in the mortgage Shattuck had a right to the exclusive possession and might lawfully let the premises to Fletcher ; 1 Powell on Mortg. (Rand's edit.) 155 ; *Mersereau* v. *Runyan,* 11 Johns. R. 534 ; *Newall* v. *Wright,* 3 Mass. R. 152 ; and if Shattuck's right as a purchaser was defeated by the non-payment of the note, Fletcher by holding over became a tenant at sufferance, and consequently he was not liable to an action of trespass until the true owner should have made an actual entry. *Rising* v. *Stannard,* 17 Mass. R. 288 ; *Keay* v. *Goodwin,* 16 Mass. R. 4 ; *Allen* v. *Thayer,* 17 Mass. R. 299 ; *Fletcher* v. *McFarlane,* 12 Mass. R. 46 ; *Smartle* v. *Williams,* 1 Salk. 246.

The plaintiffs were not in possession. By the mortgage they have acquired an *interesse termini* in the premises, but they are not thereby possessed, and cannot maintain trespass, without an actual entry. 2 Bl. Com. 144 ; Bac. Abr. *Leases, M; Cook* v. *Harris,* 1 Ld. Raym. 367.

Shattuck, under whom Fletcher justifies his possession, is the lawful owner of the premises. Without reference to the nature of this property, whether it is real or personal, redeemable or irredeemable, it is denied that a forfeiture has been incurred. In the case of a mortgage, whether of real or personal property, the mortgagee's title is not absolute until entry made or possession taken after condition broken, and a tender before such entry or possession discharges the mortgaged property, though the debt remains. *Darling* v. *Chapman,* 14 Mass. R. 101 ; *Jackson* v. *Crafts,* 18 Johns. R. 110.

*In reply* the plaintiffs said, that the provision authorizing Shattuck to remain in possession was a mere personal privilege, which was not assignable, and that Fletcher was a stranger to the plaintiffs.

A wrongful holding over may amount to a trespass, although

the entry was rightful.   A tenant at will who holds over after an express determination of his estate by a notice to quit, is not a tenant at sufferance, but may be sued in an action of trespass.  *Newall* v.  *Wright*, 3 Mass. R. 138 ; *Rising* v. *Stannard*, 17 Mass. R. 282.

It is objected that the plaintiffs were not in possession ; but Fletcher, claiming under Shattuck, is estopped by the mortgage from denying that the plaintiffs had such a right of possession as will sustain this action.

Upon non-performance of the condition of a mortgage of real estate, the property became absolutely forfeited at law, without entry.  2 Cruise's Dig. 81, 83 ; *St.* 1821, *c.* 85, § 2 ; *Maynard* v. *Hunt*, 5 Pick. 243.   But this property was personal estate, irredeemable, like real estate at common law, after condition broken.   And property, in personal estate, carries with it the possession.   The tender did not discharge the mortgage.   *Davis* v. *Maynard*, 9 Mass. R. 242.

PUTNAM J. delivered the opinion of the Court.   The question in the first case is, whether the plaintiffs can maintain the action of trespass *quare clausum fregit*.

The entry of the defendant under Shattuck within the four months, was lawful.   *Newall* v. *Wright*, 3 Mass. R. 152. He was in the same situation as the mortgager would have been in, if he had kept the possession himself during that time. The legal estate was in the mortgagees, but the effect of the agreement between the mortgager and the mortgagees amounted to a lease to the mortgager for the four months.   1 Powell on Mortg. (Rand's edit.) 155.   The mortgager did not pay the note on the day when it became due, but he tendered the money to the plaintiffs within a short time afterwards.

There is no doubt but that the mortgagees, after the breach of the condition, might have lawfully entered ; and if there had not been any such agreement to the contrary, they might have entered before the breach of the condition ; or they might have maintained their writ of entry and have recovered the possession, without any notice to the mortgager to quit.   The mortgager had less rights than a tenant at will would have had He would not have been entitled to the emblements, as a tenant at will would have been.

But while the mortgager, or any persons under him, are by the mortgagees permitted to remain in possession, and the mortgagees omit to enter, the mortgager and those who are in under him, are in contemplation of law taking the rents and profits to his and their own account.   So the mortgager may sell the estate, subject to the condition ; and he may maintain trespass or entry *sur disseisin* against a stranger.   *Willington* v. *Gale,* 7 Mass. R. 138.

And the assignee of the mortgager is not liable in trespass for the rents and profits accruing between the commencement of the action to foreclose and the time of taking possession upon execution.   *Wilder* v. *Houghton,* 1 Pick. 89.   In *Moss* v. *Gallimore,* 1 Dougl. 282 [269], Lord *Mansfield* said, " A mortgager is not properly a tenant at will to the mortgagee, for he is not to pay him rent.   He is so only *quodam modo.*" " Where the mortgager receives the rent by *tacit* agreement with the mortgagee, it is in the power of the latter to put an end to the agreement when he pleases."

If the mortgager had remained in possession, and had held over after the four months, he would have been afterwards a tenant at sufferance to the mortgagees.   " A tenant at sufferance (says Lord *Coke,* Co. Lit. 57 *b,*) is he that at first came in by lawful demise, and after his estate ended continueth in possession and wrongfully holdeth over."   And the defendant, coming into the possession within the four months, and holding over afterwards wrongfully in the eye of the law, would be a tenant at the sufferance of the mortgagees.   They could enter upon him just when they pleased ; and if the defendant had re entered, the mortgagees might have maintained trespass *quare clausum fregit* against him.

The mortgager has a right to possession, until the mortgagee brings his ejectment, or until entry by the mortgagee.   *Rex* v. *St. Michaels,* 2 Doug. 632 [610]. Per Lord *Mansfield.* " After the mortgagee has got into possession he might gain a settlement," but not before, although he has the legal estate.   " If a term is assigned by way of mortgage with a clause of redemption, the lessor cannot sue the mortgagee as assignee of all the estate, &c. of the mortgager, even after the mortgage has been forfeited, unless the mortgagee has taken the actual possession."

*Eaton* v. *Jaques,* 2 Doug. 455. And *Buller* J. thought that the assignment were absolute, the action (debt for rent) would not lie without possession. Ibid.

" As to all the world, except the mortgagee, the mortgager is considered as the owner of the land, until an actual entry under the mortgage." *Goodwin* v. *Richardson,* 11 Mass. R. 473.

In *Rising* v. *Stannard,* 17 Mass. R. 288, this Court held, that an action of trespass will not lie against a tenant at sufferance before actual entry by the landlord.

In *Danforth* v. *Sargeant et al.* 14 Mass. R. 491, the defendants contended, (manifestly against law,) that where the tenant held over, the landlord could not obtain possession unless by process of law. But the Court said, that the landlord might " *enter at pleasure* and order the lessee out," and if he should hold over, that would be a trespass.

If, as in *Fitchburg Cotton Man. Corp.* v. *Melven,* 15 Mass R. 268, there had been an entry and eviction, the lessee of the mortgager might have been treated as a trespasser or disseisor. But there has not been any entry by the plaintiffs for condition broken ; nor have they obtained actual possession of the premises.

But if the plaintiffs were the absolute owners, when the term of four months expired, the defendant, coming in as he did by title, could not be treated as a trespasser before entry by the plaintiffs upon him. *Lifford's case,* 11 Co. 51.

Whether the term for years became absolute or not makes no difference in regard to the right of the plaintiffs to maintain trespass against the defendant, for he came in by title ; though he held over by wrong, the plaintiffs could not maintain trespass against him before they entered, even if Shattuck had been a disseisor.

For these reasons we are all of opinion that the plaintiffs must become nonsuit.

The case of the plaintiffs against Shattuck is assumpsit for one month's rent. We are referred to the statement of facts contained in the case of the plaintiffs against Fletcher. By that statement it is agreed, that the defendant mortgaged the prem-

ıses to the plaintiffs, to secure his note for $275 in four months ; that he was to retain the possession until default of payment ; that the money was not paid at the day, but was tendered shortly after by the defendant and refused by the plaintiffs ; that Fletcher occupied under the defendant, and held the possession over the four months, and for the month for the rent of which this action is brought, as well as for the time after the expiration of that month until the commencement of that action against Fletcher ; and that the plaintiffs have not made any entry into the premises. It is agreed in the case at bar, that the defendant claims to own the dwellinghouse.

. The plaintiffs claim to own the premises, which consist of a term of years, with a dwellinghouse. They contend that this is personal property, a chattel real, which vested in them absolutely, without any act or entry on their part to be done, upon the breach of the condition ; and they insist, that inasmuch as the money was not paid at the day, the defendant ceased thenceforward to have any right to redeem the same.

Enough is agreed by the parties to satisfy the Court, that the title to the premises is contested ; it is contended on the part of the defendant that he, as mortgager, was rightfully taking the profits, as the plaintiffs have not entered upon the premises for condition broken ; and on the part of the plaintiffs, that the property became absolutely vested in them, upon the failure of the defendant to pay the note at its maturity. It is agreed that there has not been any express promise to pay rent. The claim of the defendant is wholly adverse. For if he is to be considered as a mortgager in possession after condition broken and before entry by the mortgagees, it is clear that he is not accountable for the rents. *Fitchburg Cotton Man. Corp.* v. *Melven*, 15 Mass. R. 268 ; *Gibson* v. *Farley*, 16 Mass. R. 280 ; *Wilder* v. *Houghton*, 1 Pick. 87. The law will rot imply an assumpsit under these circumstances. We refer to the cases cited by the counsel for the plaintiff, to that point, and to *The City of Boston* v. *Binney*, 11 Pick. 1, which has been published since this cause was argued.

Being all clearly of opinion, that the relation of landlord and tenant has not existed between the parties during the time for which the plaintiffs sue for the use and occupation of the prem

45 *

Mayo
v.
Fletcher.

ises, and that the title to the same cannot be tried in this action, the plaintiffs must become nonsuit.