# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF MIDDLESEX, OCTOBER TERM 1835, AT CAMBRIDGE.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON,

---

SAMUEL TRULL, in Equity, *versus* JOHN SKINNER *et al.*

Where an absolute deed of land is given, accompanied by a simultaneous instrument, which is not recorded, operating by way of defeasance, and afterwards the parties, by mutual stipulations, agree that the defeasance shall be surrendered and cancelled, with intent to vest the estate unconditionally in the grantee, by force of the first deed, by such surrender and cancellation the estate becomes absolute in the mortgagee, provided that the transaction is conducted with fairness, both as between the parties and as against the creditors of the mortgager, and that the rights of third persons had not intervened before the completion of the transfer by the cancellation.

In the case of a mortgage created by an absolute deed and a deed of defeasance, the parties cancelled the defeasance ; and the mortgagee by another deed agreed to convey the land on certain terms to the mortgager. It was *held*, that this deed did not operate as a defeasance, either so as to keep in force the original equity of redemption, or so as to constitute with the original conveyance a new mortgage, because it was not executed at the same time with the conveyance, nor as a part of one and the same transaction, nor was so understood or intended by the parties.

SHAW C. J. delivered the opinion of the Court. The plaintiff has brought his bill in equity to redeem certain mortgaged premises therein described, being parcels of real estate situated in Cambridge. He claims title as the purchaser of an

Oct. 16th, 1835

equity of redemption, at an officer's sale, made pursuant to the statutes providing for the seizure and sale of equities of redemption for satisfying executions. The sale to the plaintiff was made on May 4, 1833, for $3500, on an execution and judgment recovered by Ezra Trull against Royal Makepeace, in a suit in which the premises had been attached on mesne process the 11th of April, 1832. The question therefore is, w iether Makepeace had such an equity of redemption, liable to be taken by creditors, either in May, 1833, when it was taken in execution, or in April, 1832, when it was attached.

There is no doubt that the transaction of September, 1827, constituted a mortgage. Makepeace conveyed to Skinner & Hurd an estate in fee, consisting of sundry parcels of land ; and at the same time an indenture, bearing the same date, was entered into by the parties, reciting the conveyance, reciting that a debt was due from Makepeace to Skinner & Hurd, and containing an agreement that Skinner & Hurd should purchase in the equity of redemption, then about to be sold on execution, should pay off a mortgage due to Dr. Shattuck, should advance further sums of money, and, upon repayment of the sums due to them, should release and reassign to Makepeace. It was further agreed, that Makepeace might make sales of the lands, from time to time, that Skinner & Hurd would execute releases, pursuant to such sales, that they should receive the money, the proceeds of such sales, and apply it to the payment of the debt, and should account for the surplus ; and the whole was to be accomplished in three years.

Some small sales were made pursuant to this agreement, and in April, 1831, a large part of the debt remaining unpaid, a new arrangement was made, also by indenture. The instrument of defeasance before held by Makepeace was surrendered and delivered up to be cancelled, and new stipulations were entered into, by which Skinner & Hurd leased the land to Makepeace for two years, at a rent about equal to the interest on the debt, and they further stipulated that, upon the payment of a certain sum by Makepeace in two years, they would convey the estate to him.

The first question is, whether this last agreement, surrendering and cancelling the instrument of defeasance, was an

extinguishment of the equity of redemption, as between the parties, and against the creditors of the mortgager. The Court are of opinion, that where an absolute deed is given, accompanied by a simultaneous instrument, operating by way of defeasance, and afterwards the parties, by fair mutual stipulations, agree that the defeasance shall be surrendered and cancelled, with an intent to vest the estate unconditionally in the grantee, by force of the first deed, by such surrender and cancellation the estate becomes absolute in the mortgagee. The original conveyance stands unaffected in form and legal effect ; it conveys an estate in fee ; the only party who could even claim a right to deny it that operation, by engrafting a condition upon it, has voluntarily surrendered the only legal evidence, by which that claim could be supported, and is thereby estopped from setting it up. Such cancellation does not operate by way of transfer, nor strictly speaking by way of release working upon the estate, but rather as an estoppel arising from the voluntary surrender of the legal evidence, by which alone the claim could be supported : like the cancellation of an unregistered deed, and a conveyance by the first grantor to a third person without notice. The cancellation reconveys no interest to the grantor, and yet taken together, such cancellation and conveyance to a third person make a good title to the latter by operation of law. It gives a seisin *de facto*, a conveyance by deed duly registered being to many purposes equivalent to livery of seisin ; *Higbee* v. *Rice*, 5 Mass. R. 352 ; it is good against the grantor and his heirs by force of the second deed, and it is good against the first grantee, and all claiming under him, by force of the registry acts. *Commonwealth* v. *Dudley*, 10 Mass. R. 403. But the point now decided, of the effect of cancelling an instrument of defeasance, seems to be settled by authorities. *Harrison* v. *Phillips Academy*, 12 Mass. R. 456 ; *Rice* v. *Rice*, 4 Pick. 349. But this rule is to be taken with this qualification, that the transaction is conducted with perfect fairness and good faith, both as between the parties and as against the creditors of the mortgager, and that the rights of third persons had not intervened, before the completion of the transfer by the cancellation. But if these qualifications do exist, if no unfair advan-

tage is taken of the mortgager, if by mutual agreement all ben-·
eficial and available interest of the mortgager is taken away, in
a form which must for ever prevent him from enforcing a right
to redeem by any legal or equitable proceeding, there seems
to be no interest which the creditor of such party can take,
ˆor the satisfaction of his claims.

2. The Court are also of opinion, that the agreement by
Skinner & Hurd, to convey upon certain terms in two years,
contained in the indenture of April 1831, did not operate as a
defeasance, so as to constitute with the original conveyance, a
new mortgage, because it was not executed at the same time
with the conveyance of which it is claimed to be a defeasance,
nor as part of one and the same transaction, nor was so under-
stood or intended by the parties.    *Kelleran* v. *Brown*,
4 Mass. R. 443 ; *Harrison* v. *Phillips Academy*, 12 Mass.
R. 456.

Perhaps where parties by mutual agreement, intending to
enlarge and extend the time of redemption, should take up an
existing instrument of defeasance, and at the same time exe-
cute another, connected with the former by proper recitals and
provisions, showing an intention to continue the former right
of redemption on foot, in a modified form, by force of this
substituted instrument of defeasance, such new instrument
might be so construed as to relate back to the first deed, and
preserve the mortgage, when such construction would but sup-
port and carry into effect, the intent of the parties ; of this,
however, it is unnecessary to express an opinion.    The in-
strument now relied on as a defeasance, was not only not made
at the same time the original deed was executed, nor at the
time it took effect, nor was it either actually or constructively
part of the same transaction, nor was it a case where the par-
ties recognised it as a mortgage, or intended to construe or
carry it into effect, as such.    The Court are therefore of
opinion, that by the surrender of the defeasance, the right in
equity was extinguished, the original mortgagee remained
seised by force of the first deed, and the new contract did not
constitute a new mortgage, nor keep the existing equity of re-
demption in force.

3. This leads to the remaining, and perhaps to the parties

the most important question, whether this surrender of the defeasance and extinguishment of the equity was good against the creditors of Makepeace. This depends mainly on the questions of fact, to which much evidence was taken, whether this arrangement was made with an intent to delay, defeat or defraud the creditors of Makepeace, whether there was a secret trust on the part of the respondents, to hold the same, in whole or in part, for the benefit of the mortgager, and whether there was such a disparity between the value of the estate and the amount for which it was taken, as to lead to a reasonable inference of any such fraudulent intent.

(After an examination and summing up of the evidence :)

Upon the whole evidence, the Court are of opinion, that the transaction was not fraudulent, that the equity of redemption was relinquished before the attachment, and that the complainant did not acquire a right to redeem, under the officer's deed.

*Bill dismissed.*

*Aylwin* and *S. Bartlett*, for the plaintiff, cited to the point that in this Commonwealth the estate of the mortgager can be conveyed or released by deed only, *Warden* v. *Adams*, 15 Mass. R. 233 ; *Parsons* v. *Welles*, 17 Mass. R. 419 ; *Trowbridge's Reading*, 8 Mass. R. 554 ; *Marshall* v. *Fisk*, 6 Mass. R. 24 ; *Porter* v. *Millet*, 9 Mass. R. 401 ; and to the point, that the instrument of April 12, 1831, taken in connexion with the original deed of Makepeace and the surrender of the first defeasance, constituted a mortgage, *Parks* v. *Hall*, 2 Pick. 211 ; *Erskine* v. *Townsend*, 2 Mass. R. 497 ; *Carey* v. *Rawson*, 8 Mass. R. 159 ; *Newhall* v. *Burt*, 7 Pick. 157.

*Hoar* and *F. Dexter*, for the defendants.