## ELISHA WHITE *vs.* AUSTIN WHITNEY.

A grant, by a mortgagor, of his equity of redemption, with covenants of warranty, &c. is so far a conveyance of the land, that the covenants real are annexed to it and pass with it to the grantee and his assigns.

Where A. conveys to B., with a covenant of warranty, land that is under mortgage to C., and B.'s right, title and interest (being an equity of redemption) is seized and sold on execution, and a deed thereof is given to the purchaser by the officer, pursuant to the Rev. Sts. *c.* 73 ; the purchaser thereby becomes the assignee of the covenant, and may maintain an action against A. for the breach thereof.

The entry of a mortgagee, in the presence of witnesses, for condition broken, and for the purpose of foreclosure, pursuant to the Rev. Sts. *c.* 107, is such an ouster of him who holds the land under covenant of warranty, as entitles him to an action for breach of such covenant.

Where land, that is subject to a mortgage, is conveyed with a covenant of warranty, and the grantee is ousted by the mortgagee, the rule of damages, upon a suit on the covenant, is the value of the estate at the time of the ouster, unless that value exceeds the amount due on the mortgage ; but if it exceed that amount, then that amount is the measure of damages.

THIS was an action for the alleged breach of a covenant of warranty in a deed of land made by the defendant to John Adams, junior.    The land, when conveyed to Adams, was under mortgage, and his right therein (being an equity of redemption) was sold on execution and conveyed, by the officer's deed, to the plaintiff.    The plaintiff therefore claimed as assignee of Adams.

The parties submitted the case to the decision of the court upon a statement of facts, under an agreement, that if the plaintiff was by law entitled to judgment, his damages should be assessed by an auditor on such rule as the court should prescribe

---

* See *Willard* v. *Tillman*, 2 Hill's (N. Y.) Rep. 274.

The facts of the case, and the grounds taken by counsel in argument, appear in the opinion of the chief justice.

*Washburn*, for the plaintiff.

*Wood*, for the defendant.

SHAW, C. J. For the better understanding of this case, it may be useful to state the facts in an order somewhat different from that in the agreed statement of the parties. The covenant, on which the action is brought, is contained in a deed from Aus tin Whitney, the defendant, to John Adams, junior, dated June 5th 1838. It purports to be a conveyance in fee, in common form, of one undivided half of the "Adams Place," so called, in Ashburnham, *habendum* in common form. The grantor cove nanted with the grantee and his assigns, that he was seized in fee, that the premises were free of all incumbrances, "except a mortgage deed which Jacob Conant now holds, as assignee of Philip R. Meriam, one half of which said Adams (the grantee) is to pay ; " with a general covenant of warranty.

We are then to inquire what was the state of the title at that time.

On the 3d of December 1831, Samuel Whitney, then owner of the estate, mortgaged it to Philip R. Meriam, to secure the payment of $600 in one year. This was assigned, August 10th 1837, to Jacob Conant, and by said Conant was assigned to John Caldwell, February 12th 1839. This mortgage was held by Conant on the 5th of June 1838, and is obviously the one that was excepted in the defendant's covenant against incum brances of that date.

It further appears that the same Samuel Whitney, being still the owner of the place, subject to his prior mortgage, made a sec ond mortgage to Eli Howe, to secure $1053·86, on demand with interest. This deed, recorded June 7th 1836, was not excepted or noticed in the deed of Austin Whitney (the defend ant) to Adams, June 5th 1838, and being, at that time, an out standing mortgage, was an incumbrance, and might become a paramount title ; and so was, at the time, a breach of the cove nant against incumbrances, and might afterwards, upon entry by the mortgagee, operate as a breach of the covenant of warranty

This second mortgage was assigned by Howe to Conant, and by Conant to Caldwell, at the same dates as the former.

On the same 5th of June 1838, after the said conveyance from the defendant to said Adams, Henry C. Whitney attached all the right, title and interest which said Adams had in the estate, and after judgment obtained, and execution awarded in that suit, the equity of redemption was levied upon and sold by Horace Newton, a deputy sheriff, and all the right, title and interest which Adams had in the estate on the 5th of June 1838, the time of the attachment, was conveyed by said Newton, by deed, to the plaintiff.

After the attachment, and before such levy and sale, Adams, the debtor, released to Austin Whitney, the defendant ; but, if the plaintiff acquired any right to the covenant, it was by force of the attachment, made before this release ; and Adams, the debtor, could not, by any act of his, defeat the right of the at taching creditor previously acquired. This release, we think, may therefore be laid out of the case.

The last material fact necessary to be alluded to is this : that John Caldwell, who had become the assignee of both the above mentioned mortgages, took possession of the premises on the 30th of May 1840, under the last mentioned mortgage, in pres ence of two witnesses, for condition broken, for the purpose of foreclosing that mortgage ; of which certificate was made and, we are to presume, duly recorded, so as to conform to the pro visions of the Rev. Sts. *c.* 107, §§ 1, 2, making it an effectual entry to foreclose.

The question is, can the plaintiff, as assignee, maintain this action ? This resolves itself into several questions. 1. Wheth er the grant of an equity of redemption is so far a conveyance of land, that a covenant real can be annexed to, and pass with it, to the grantee and his assigns. If so ; 2. Whether the cov enant in question was legally transferred and assigned to the plaintiff by the deputy sheriff's deed, upon the sale of the equity of redemption, on execution, as the property of John Adams, junior ? 3. Was the entry of Caldwell, the assignee of a prior mortgage, not excepted in the defendant's deed to Adams, for condition broken, in presence of two witnesses, pursuant to the

revised statutes, such an ouster or eviction of the plaintiff, as to constitute a breach of the covenant ?    4. What is the measure of the plaintiff's damages ?  ·

1. By our laws, a mortgage is considered — as between the mortgagor and mortgagee, and so far as it is necessary to give full effect to the mortgage as a security for the performance of the condition — as a conveyance in fee ; but, for all other purposes, it is considered, especially until entry for condition broken, as a mere charge or incumbrance, which does not devest the estate of the mortgagor.   He is deemed seized, so far that he can convey it, subject to the mortgage ; he may make a second mortgage ; it may be attached for his debts ; he is considered as having all the rights and powers of an owner, except so far as it may be necessary to hold otherwise, in order to give effect to the mortgage.   The interest of a mortgagor is therefore regarded as an estate, though, in legal strictness, and as against the mortgagee, it is an equity of redemption.   It may be levied upon, and seizin delivered by the officer, in which case the creditor will hold in fee, subject to the mortgage ; but in that case, the creditor can have no allowance for the subsisting mortgage, because it is a contingent charge only, and may be otherwise discharged ; and this contingency is too remote and uncertain to be taken into consideration in the appraisement.   In case of a sale at auction, the purchaser becomes actually seized, unless the mortgagor was actually disseized at the time, in which case, the sheriff's deed gives the purchaser a right of entry.   *Willington* v. *Gale*, 7 Mass. 138.  *Poignard* v. *Smith*, 6 Pick. 172. These principles are so familiar, that it is hardly necessary to multiply authorities in support of them.   In the case of *Sumner* v. *Williams*, 8 Mass. 162, in which there was great diversity of opinion on some points, the conveyance, upon which the covenants were made, was, upon the face of it, the conveyance of an equity of redemption, because it was described as subject to one mortgage, which was excepted in the covenants against incumbrances ; but it was not doubted that the conveyance of an equity of redemption was that of an estate, to which covenants real could be annexed.   Were it otherwise, in case of the

conveyance of an estate with the usual covenants of seizin and warranty, but described to be subject to a mortgage, which the grantor stipulates to pay off and discharge, and which he does accordingly pay off and discharge, still the covenants *in futuro*, and all covenants running with the land, would be inoperative. No ; the general result of the rules of law upon this subject seems to us to be, that a mortgage, though an estate in fee to the mortgagee, to the extent necessary for his security, is, to all other purposes, an estate in the mortgagor, and may be purchased, conveyed, levied upon, and regarded, in all respects, as the legal estate of the mortgagor ; and the mortgage, except so far as the rights and security of the mortgagee are concerned, is regarded as a burden or charge only upon the estate, and when removed or discharged, it leaves the estate in the hands of the mortgagor, or his grantees, attaching creditor, or assignees in fact or in law, in the same condition as if such mortgage had not existed. We are therefore of opinion, that the conveyance from the defendant to John Adams, junior, was the conveyance of an estate to which covenants real would attach, and which covenants might pass with the estate to a grantee or assignee.

2. We are also of opinion, that by the sheriff's deed to the plaintiff, he became the assignee in law of the defendant's covenant. The Rev. Sts. *c.* 73, after providing how an equity of redemption may be attached, seized on execution, and sold at auction, declare that the officer's deed " shall give to the purchaser all the right, title, and interest in the premises, that the debtor had therein." The right of the debtor (Adams) was to hold the estate, subject to the excepted mortgage, and to redeem the estate, on payment of that mortgage. It is true, that as the estate was, in point of fact, liable to another mortgage, which for distinction, I may call the Howe mortgage, he could not hold the estate, as against that mortgage, without redeeming it ; but as he held the covenant of the defendant, to indemnify him against that mortgage, he had a legal right to require him to perform that engagement, which, if done, would leave it liable only for the excepted mortgage ; and this right, being annexed

to the estate, incident thereto, and *quasi* part thereof, that right passed with the estate to the purchaser. What the plaintiff acquired then, and what he would have held, if the defendant had done his duty, was to hold the estate upon payment of the excepted mortgage. It is not, therefore, for the defendant to say that this was not his legal right.

And this is substantially an answer to the argument, which was much pressed by the counsel for the defendant, that as the officer sold only the right of redeeming, and as the debtor would only hold on the redemption of both mortgages, his deed only conveyed a right to the purchaser to redeem the estate from both mortgages. This results from using the term " right of redemption " in too strict and literal a sense. The term " right of redemption," or " right to redeem," is familiarly used to describe the estate of the debtor when under mortgage, to be sold at auction, in contradistinction to an absolute estate, to be set off by appraisement. It would be more consonant to the legal character of this interest, to call it the debtor's estate subject to mortgage. Such is the character of the interest, as fixed by law. Should the purchaser never exercise the right to redeem ; should the mortgage debt be paid by the debtor, or by another, in performance of the condition ; still the purchaser, under the officer's deed, would hold the estate. It is therefore something more than a mere right to redeem. It is the estate, subject to the mortgage.

Supposing then, that the officer's deed was sufficient in form to transfer this covenant to the purchaser of the equity ; had he power to do so, and was that the legal effect and operation of the deed ? This question is in effect answered by the views already stated, showing that the covenant was in effect parcel of the debtor's estate. If it was, then, by force of the statute, it passed with the estate to the purchaser. It was a covenant incident to the estate, made for its security and protection, beneficial to the person to whom the estate should come, but to no other. It was part of the debtor's " right, title, and interest in the premises." There is no case, I believe, directly in point in our own books. None was cited. In principle, it is extremely

analogous to the case of *Hodges* v. *Saunders*, 17 Pick. 470 That was a case in equity, but the principle on which it was decided is applicable to this. There an official sale of real estate was made by an administrator, under a license, for the payment of debts. There, as here, the estate passed, not in virtue of any interest which the grantor personally had in it, but solely by force of the statute, authorizing a sale by an administrator. It was held that the benefit of an agreement made by the defendant, in the nature of a covenant for further assurance, passed with the estate to the purchaser.

In *Spencer's case*, 5 Co. 17, 5th res. it is said that a tenant by statute merchant, or statute staple, or *elegit* of a term, and he to whom a lease for years is sold on execution, shall have an action on a covenant annexed to the land, although they came to the term by act in law. And in South Carolina, it has been decided that a covenant, running with the land, passes by a sheriff's sale, to the purchaser. *M'Crady* v. *Brisbane*, 1 Nott & M'Cord, 104.

A question may arise, and indeed it was suggested in the course of the argument, whether in all cases covenants of warranty pass by the officer's deed to the purchaser, or whether they do not go to the mortgagee. For instance, to simplify the inquiry, suppose A. holds an estate protected by covenants of seizin and warranty, against all incumbrances, but subject in fact to an outstanding mortgage or to some defect of title, should make a mortgage to B. ; afterwards his equity of redemption is attached by C. his creditor, and in due time and in legal form this equity of redemption is sold at auction on execution, and conveyed to D. by an officer's deed ; would the benefit of the covenants under which A. held, pass by his mortgage to B. or by the sheriff's deed to D. ? We think this question is answered by saying — to both, according to their respective rights in the estate. It is incident to the estate, and inseparably annexed to t. B , the mortgagee, being first in time, would be first in right, so far as necessary to his security as mortgagee ; he is deemed seized of the estate, and of course to the same extent that he holds the estate, he is the assignee of the covenant.

But D., the purchaser at the officer's sale, purchases the whole estate, subject to B.'s mortgage ; to the same extent, and under the same limitations, that he takes the estate, he is assignee of the covenant. Should B. enter, to hold under his mortgage, and actually foreclose, he would hold the whole benefit of the covenant ; but if D. should pay off B.'s mortgage, as he would have a right to do, this would extinguish the mortgage ; he would hold the whole estate, and of course the whole interest in the covenant, as assignee in law. In such case, if suit were to be brought on the covenant, before either foreclosure or redemption, there might be a question, who would have a right to sue, or what damages the plaintiff would have a right to recover ; but no such question can arise here, because the covenant of the defendant was incident to the estate conveyed by him to Adams, being an equity of redemption in its terms, and the whole of that estate came to the plaintiff by the sheriff's deed, and he alone now has an interest in it. It may be added by way of further illustration, that the purchaser at the sheriff's sale takes a defeasible estate only ; the debtor has a right to redeem within a year, and reinvest himself of the estate ; and should he do so, he would be reinstated in his right to the covenant of warranty attending it.

3. The next question is, whether the case shows such an eviction or ouster, as to amount to a breach of the covenant of warranty.

In *Tufts* v. *Adams*, 8 Pick. 547, it was held that an entry by the mortgagee, for condition broken, was an eviction of one holding the estate under covenants of warranty and covenants against incumbrances, which constituted a breach of the covenant of warranty, and enabled the covenantee to bring his action, without waiting for the foreclosure of the mortgage. In *Hamilton* v. *Cutts*, 4 Mass. 349, and various other cases, it has been held, that an ouster *in pais*, by one having a paramount title, is a breach of the covenant of warranty, as much so as an eviction under a judgment. The only difference is, that in a suit on the covenant, the plaintiff must prove the validity of the title to which he yielded ; a fact, of which the judgment would be

conclusive evidence, if he had vouched his covenantor to defend.

In *Sprague v. Baker*, 17 Mass. 586, it was decided, that where a mortgagee, under a prior mortgage, threatened to enter and expel the covenantee, and the covenantee yielded to the claim, against which he could not defend himself, it was a breach of the covenant of warranty ; upon the ground that an actual ouster or expulsion, by force of a paramount title, is equivalent to an eviction by legal process.

Upon this point, the court are of opinion, that the entry of Caldwell under the Howe mortgage, and taking actual possession of the premises, by means of which the plaintiff was ousted, was a breach of the covenant of warranty.

4. The rule of damages is well settled in this Commonwealth, that when the covenant is in the future, and the estate in the mean time passes by force of the conveyance, and the grantee becomes seized, and is afterwards evicted by a paramount title, the value of the estate at the time of the eviction is the measure of the plaintiff's damages. *Norton v. Babcock*, 2 Met. 518. But this rule may be modified by special circumstances. If the right of redemption is not foreclosed, and the land may be redeemed for less than its value, the amount to be paid for such redemption — the amount due on the mortgage — will be the measure of damages, because it will afford the plaintiff a complete indemnity. Cases may be supposed where the outstanding mortgage, though assuming the form of a paramount title, which, if not redeemed, would take the whole estate and evict the covenantee, yet being very small in amount in comparison with the value of the estate, it would be plainly for the interest of the owner and holder of the equity of redemption to redeem. In such case, it would be quite unreasonable to hold that the covenantee, on such an eviction, should recover damages to the full value of the estate. *Tufts v. Adams*, 8 Pick. 547.

According to these rules, the plaintiff will be entitled to recover the value of the estate conveyed and warranted ; that is, one half of the described premises, deducting so much of the excepted

mortgage as the grantee was to pay, and subject to which he purchased it — unless this amount would exceed the Howe mortgage, under which Caldwell entered and evicted the plaintiff. If the first mentioned sum would exceed that mortgage, then the amount of that mortgage on redemption, with the interest from the time of redemption, will be the measure of damages.